IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:22-cv-00065-M

CRYSTAL PERRY, )
)
    Plaintiff, )
)
v. ) ORDER
)
U.S. DEPARTMENT OF VETERANS )
AFFAIRS, )
)
    Defendant. )
)
_____ )

    This matter comes before the court on the Defendant's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 11]. In this action, Plaintiff, proceeding pro se, alleges employment discrimination against the Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and the Lilly Ledbetter Fair Pay Act of 2009 ("Ledbetter Act"). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R"), recommending that the court grant Defendant's motion and dismiss this action. DE 19. Judge Jones examined the pleading and Defendant's motion and concluded that Plaintiff "did not file a civil action within ninety days from the date she received notice of her right to sue" from the Equal Employment Opportunity Commission ("EEOC") and, thus, "her claims are time-barred." *Id.*

    A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*,

66 F.4th 454, 459 (4th Cir. 2023). This court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Judge Jones instructed the parties that they must file any written objections to his M&R on or before May 24, 2023. *Id.* On June 1, 2023, Plaintiff filed a document titled, "Re: Defendant's Motion to Dismiss [and] Memorandum and Recommendation," which has been construed as a response to the M&R. DE 20.[1] In the document, the Plaintiff states: "Within days of drafting this petition, I was informed by the Laplata, MD police department that my sister who resides in Maryland was deceased. As next of kin, I travelled to Maryland and stayed for about two months: Now home, but not yet settled, I missed the communication dated May 10, 2023 and the time frame for filing objections. This is my first time having advanced an EEO administrative complaint to the District Court; and I pray the patience of the court." *Id.* To the extent this statement may be construed as a request to file an objection out of time, the court expresses its condolences to Plaintiff for her loss and finds this explanation sufficient to demonstrate good cause and excusable neglect pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure for Plaintiff's failure to meet the May 24, 2023 deadline to file an objection to the M&R.[2]

---

[1] Plaintiff has filed nothing in this case since that time.

[2] The court also finds, however, that Plaintiff's trip to Maryland does not explain her failure to file a timely response to Defendant's December 21, 2022 motion to dismiss and failure to file her civil

2

In her objection, the Plaintiff primarily complains about the Defendant's "strong aggressive persuasion and authoritative intimidation to end this matter" and its "unwilling[ness] to discuss with [her] about [sic] discovery pursuant to the court's order or the forward processing of [her] complaint." DE 20. She also expresses gratitude that she is "safeguarded from any form of retaliation for [her] engagement in protected activity and for procedurally advancing this matter to the US District Court." *Id.* Finally, Plaintiff asserts that Defendant's motion to dismiss should not be granted because "[s]tatements made by the defendant are arbitrary and capricious and are not based on accurate facts; as the claims raised by complainant during the EEO processing were not investigated and were erroneously dismissed by the agency as untimely." *Id.* Plaintiff requests that the court apply "equitable estoppel and equitable tolling to cover any period in regard to time or timely that is deem[ed] untimely, out of order or lapsed."[3] *Id.*

The court agrees with Defendant that Plaintiff identifies no portion of the M&R to which she objects (*see* DE 21); thus, the court need not conduct a de novo determination and may review the M&R only for clear error. Even if it did conduct a de novo review, however, the court finds the Plaintiff fails to demonstrate that Judge Jones erred in recommending that this action be dismissed.

The notice of right to sue attached to the operative Complaint advises Plaintiff that she had "the right to file a civil action in an appropriate United States District Court within ninety (90)

---

action within ninety days after she received a notice of right to sue from the EEOC. Plaintiff's response is dated May 31, 2023. She states that she travelled to and stayed in Maryland for "about two months" and when she returned home, "not yet settled," she "missed the communication dated May 10, 2023." Thus, it appears that Plaintiff was in Maryland from approximately mid-to-late March 2023 through late May 2023. Her deadline for filing a response to the motion to dismiss was January 11, 2023 (DE 13) and, as described below, her deadline for filing this action was June 22, 2022.

[3] Plaintiff provides nothing demonstrating that Defendant waived its limitation defense; in fact, Defendant raised the defense in its motion to dismiss.

3

calendar days from the date that you receive this decision." DE 1-2 at 3. The Supreme Court has determined that the ninety-day filing requirement is "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *See Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006)) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

Defendant is correct that the allegations of the operative Complaint establish that Plaintiff filed this action more than ninety days after the deadline. Plaintiff alleges that she received her notice of right to sue on March 19, 2022 and, thus, the deadline by which she was required to file the action was June 17, 2022; however, Plaintiff filed the action on June 22, 2022. *See* DE 1. Plaintiff does not refute that her case was filed after the deadline; rather, she argues that the court should apply equitable estoppel and/or equitable tolling to preclude dismissal of her untimely action.

To invoke the doctrine of equitable estoppel, the Plaintiff must establish "(1) a lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party sought to be estopped; and (3) action based thereon of such a character as to change his position prejudicially." *Edwards v. Genex Coop., Inc.*, 777 F. App'x 613, 625 (4th Cir. 2019) (quoting *Wade S. Dunbar Ins. Agency, Inc. v. Barber*, 147 N.C. App. 463, 556 S.E.2d 331, 336 (2001)). Here, Plaintiff's contention that Defendant's "statements" in its motion to dismiss "are arbitrary and capricious and are not based on accurate facts" is merely conclusory and provides this court an insufficient basis on which to find that equitable estoppel applies.

In this circuit, equitable tolling is "a discretionary doctrine that turns on the facts and circumstances of a particular case." *Warfaa v. Ali*, 1 F.4th 289, 294 (4th Cir. 2021) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). "For equitable tolling to apply, a litigant must

4

establish '(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Id.* (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)). The Fourth Circuit describes equitable tolling as "an extraordinary remedy" and warns that "litigants face a considerable burden to demonstrate that it applies." *Id.* (citing *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015)).

In this case, Plaintiff fails to mention whether and/or how she has pursued her rights diligently but has been impeded by some extraordinary circumstance outside her control. *See id.* (invoking equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quoting *Harris*, 209 F.3d at 330). Plaintiff's contention that "the claims raised by complainant during the EEO processing were not investigated and were erroneously dismissed by the agency as untimely" not only fails to serve as a basis for equitable tolling—*see id.* ("equitable tolling [is] appropriate where civil war and repressive authoritarian regimes significantly impeded a plaintiff's access to a judicial remedy for claims of torture and related human rights abuses")—but also fails to explain why she was late filing this action. *Cf. Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011) (applied equitable tolling where plaintiff demonstrated that she checked her mailbox every day and frequently communicated with her lawyer but never received the notice of right to sue).

Accordingly, the court concludes that Plaintiff has failed to identify any portion(s) of the M&R, including its findings and recommendations, to which she objects. Furthermore, Plaintiff's response shines no light on why or how, if at all, the M&R is incorrect and why Defendant's motion to dismiss should not be granted.

5

Upon de novo review of the M&R, Plaintiff's response, Defendant's motion, and the operative pleading, and finding no error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Defendant's motion to dismiss [DE 11] is GRANTED and the case is DISMISSED as untimely. The Clerk of Court is directed to close this case.

SO ORDERED this 6th day of September, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE